UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK YAZELL, | : | Case No. 1:06-cv-399 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S.Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S FEE PETITION
(Doc. 15)  BE DENIED**

This is a Social Security benefits appeal with a unique procedural posture.

Plaintiff filed an application for a period of disability, disability insurance benefits,

and supplemental security income in September 1986.  (Doc. 4, Attachment 1 at 3).  On

September 2, 1987, the ALJ issued a favorable decision finding Plaintiff disabled as of

October 17, 1985.  (*Id.*)  A continuing disability review was done in 1994, which resulted

in a finding that Plaintiff's disability ended on March 1, 1994.  (*Id.*)  Plaintiff requested

reconsideration and, on reconsideration, the determination that the disability had ceased

was affirmed, although the cessation date was amended to May 4, 1994.  (*Id.*)  The

reconsideration determination allegedly was sent to Plaintiff on March 2, 1995, advising

him of his right to file an appeal before the administrative law judge ("ALJ") within 60

days from the date of receipt of that determination.  (*Id.*)

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

Plaintiff did not file a timely appeal.

Through an agency oversight, Plaintiff continued to receive benefits for more than nine years. (*Id.*) A second review was conducted in 2004, at which time Plaintiff was advised that his benefits were being stopped. (*Id.*) On July 8, 2004, Plaintiff completed a request for reconsideration form, which was treated as a request for a hearing. (*Id.*) On June 1, 2005, an ALJ denied the request for a hearing on the ground that Plaintiff failed to establish good cause to extend the time for filing. (*Id.* at 3-4). On April 28, 2006, the Appeals Council denied Plaintiff's request for review. (*Id.* at 4).

On June 27, 2006, Plaintiff initiated the present action by filing a complaint pursuant to 42 U.S.C. § 405(g). (*See* Doc. 1). Defendant then sought an order dismissing the action for lack of subject matter jurisdiction. (Doc. 4). Plaintiff sought summary judgment reinstating benefits or, in the alternative, remanding the case to the ALJ for a formal hearing to determine anew whether Plaintiff was entitled to disability benefits. (Doc. 11).

This Court denied Plaintiff's motion to dismiss, granted Plaintiff's motion for summary judgment, and remanded the case to the ALJ for a hearing on the merits. (Doc. 13).

Seeking to be compensated for his work in prevailing on the motion for summary judgment, Plaintiff's counsel filed a fee petition for $2,330.00 pursuant to the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of Social Security ("Commissioner") opposed the motion. (*See* Docs. 15 and 16, respectively). On June 26,

2009, the undersigned ordered Plaintiff to file a reply memorandum within 10 days. (Doc. 18). The allotted time period has now expired, and to date, Plaintiff has not responded.

The request for fees seeks to recover for 12 hours of attorney work at an hourly rate of $165.00. (Doc. 15). Counsel is also requesting $350.00 in costs. (*Id.*)

The Commissioner argues that no EAJA fees should be awarded to counsel because the Plaintiff's EAJA petition was filed untimely. The undersigned agrees.

On May 30, 2007, this Court entered an order remanding the case back to the ALJ for a hearing on the merits and terminating the case on the Court's docket. (Doc. 13). The Court entered judgment the same day. (Doc. 14). Therefore, on May 30, 2007, Plaintiff became a prevailing party by virtue of the Court's order and immediate entry of judgment and termination of this case on its docket. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (immediate entry of judgment as opposed to entry of judgment after post remand agency proceedings have been completed and their results filed with the court is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand). Plaintiff was required to file his EAJA petition within 30 days after the Court's May 30, 2007 order and judgment became final. 28 U.S.C. § 2412(d)(1)(B).

Under the EAJA, 28 U.S.C. § 2412, a party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses. To be entitled to attorney fees under the EAJA, the Court must find that (1) the plaintiff timely filed an application for fees; (2) the plaintiff is a prevailing party; and (3) the position of the Agency was not substantially justified. 28

U.S.C. § 2412(d)(1)(B).

Here, Plaintiff's case was remanded for a hearing on the merits. Final judgment, which terminated this case on the Court's docket, was entered on the same day. Therefore, Plaintiff had prevailing party status. Plaintiff, however, failed to timely file an application for fees.

A party seeking an award of fees in an action against the Agency must file a petition for fees "within thirty days of final judgment in the action." (*Id.*) A final judgment is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). A sentence four remand terminates the civil action seeking judicial review of the Agency's judgment and is a judgment; under 28 U.S.C. § 2412(d)(2)(G), the judgment becomes "final" once the time for appeal has run. *Schaefer*, 509 U.S. at 299-300. In an action against the Agency, the time for appeal does not end until sixty days after entry of judgment. Fed. R. App. P. 4(a). An EAJA application must be filed within thirty days after the time for appeal has ended. *See* 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G); *Schaefer*, 509 U.S. at 299-300.

In the case at hand, judgment was entered on May 30, 2007. The sixty-day period in which to appeal ended on July 29, 2007. Fed. R. App. P. 4(a). The thirty-day period in which to file an EAJA application, therefore, ended on August 28, 2007. Plaintiff, however, did not file his application for EAJA fees until March 19, 2009, more than 18

months later.[2]

Plaintiff asserts that "[t]his application is timely filed." (Doc. 15 at 2). Plaintiff contends that the "final judgment" in this matter, as defined by 28 U.S.C. § 2412(d)(1)(B), did not occur until the award of benefits on March 2, 2009. *Scanlon v. Sullivan*, 974 F.2d 107 (9th Cir. 1992) (holding that remand does not constitute a final judgment under the EAJA). In citing *Scanlon*, however, Plaintiff fails to mention that the Court did not enter judgment in favor of the prevailing party in that case at the time of the remand. Instead, the Court entered an order remanding the case for further proceedings, but ordered that "after the case is remanded and after such additional proceedings as are required are completed, the Secretary of Health and Human Services shall modify or affirm the finding of fact or the decision, or both, *and shall file with this Court any such additional or modified findings of fact and decision and a proposed judgment for entry*." *Id.*, 974 F.2d at 108 (emphasis added). In other words, the Court in *Scanlon* did not enter judgment but retained jurisdiction over the case and ordered the Secretary to file his subsequent decision with the Court.

In the instant case, the Court entered judgment on the same day. The entry of judgment by the Court began the tolling period for filing an EAJA petition on May 30,

---

[2] The thirty-day time limit is not jurisdictional and may be subject to equitable tolling. *See Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005) ("In sum, we conclude that based on Supreme Court's decision in Scarborough, the EAJA time limitation for fee applications is subject to equitable tolling."). However, Plaintiff has not requested equitable tolling and has, therefore, waived any such request. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (issues raised for the first time in reply briefs constitutes a waiver).

2007.  Although his EAJA petition was due by August 28, 2007, or 90 days after the Court entered its order and final judgment, Plaintiff did not file his EAJA application until March 2009, more than 18 months after the final judgment was entered.  Unlike the cases Plaintiff cites, this is not a case where the Court retained jurisdiction and monitored the remand.  Therefore, its May 30, 2007 order and judgment became final on July 29, 2007, and Plaintiff was required to file his EAJA application within 30 days of that date.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's fee petition (Doc. 15)  be **DENIED.**

Date: <u>July 15, 2009</u>          <u>s/ Timothy S. Black</u>
                                   Timothy S. Black
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK YAZELL,                    :    Case No. 1:06-cv-399
                                   :
        Plaintiff,            :    Judge Herman J. Weber
                                   :    Magistrate Judge Timothy S. Black
vs.                                :
                                   :
COMMISSIONER OF         :
SOCIAL SECURITY,         :
                                   :
        Defendant.       :

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation **within 10 DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portions(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947  (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140  (1985).